UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RODNEY DOWNARD,** | : | Case No. 3:08-CV-2294 |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN M. O'MALLEY** |
| v. | : | |
| **CARL ANDERSON,** | : | <u>ORDER</u> |
| | : | |
| **Defendant.** | : | |

Before the Court is Petitioner Rodney Downard's ("Downard") Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (Doc. 1.) Downard's Petition asserts two grounds for relief. Pursuant to 28 U.S.C. § 636 and Local Rule 72.2, this case was automatically referred to Magistrate Judge McHargh for preparation of a Report and Recommendation ("R&R"). Downard filed his Traverse on December 29, 2008. (Doc. 8.) On March 20, 2009, Respondent filed his Return of Writ. (Doc. 12.)

Magistrate Judge McHargh submitted his R&R on June 14, 2010, recommending that the Court deny Downard's Petition. (Doc. 13.) At the conclusion of the R&R, Magistrate Judge McHargh specifically advised the parties of their right to object to the R&R, and explained that failure to do so within fourteen (14) days of receipt would result in waiver of any right to appeal. (*Id*. at 18.) A copy of the R&R was mailed to Downard on June 24, 2010.

In cases that are referred to a magistrate judge for preparation of an R&R, the Federal Magistrates Act requires that a district court conduct a *de novo* review only of those portions of the R&R to which the parties have made an objection. 28 U.S.C. § 636(b)(1)(C) ("A judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). As the Supreme Court has

indicated, § 636(b)(1)(C) "does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

The Sixth Circuit, moreover, has consistently held that failure to file objections to an R&R constitutes waiver of the right to appeal. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("This court has repeatedly held that a defendant *must* file such objections in order to preserve the issue for appeal. A failure to do so results in a waiver of that issue.") (citations omitted); *Wilson v. McMacken*, 786 F.2d 216, 220 (6th Cir. 1986) (noting that the Supreme Court in *Thomas v. Arn*, "specifically upheld [the Sixth Circuit's] rule conditioning the right to appeal a district court's order on the filing of specific objections to the magistrate's report and recommendation"); *Javaherpour v. United States*, 315 Fed. Appx. 505, 508 (6th Cir. 2009) ("[A] party must file timely objections with the district court to avoid waiving appellate review.") (citing *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)). In this case, neither party has filed an objection to the R&R, and the time period for doing so has long since expired.

Because Downard has not objected to any portion of the R&R, he has waived his right to challenge Magistrate Judge McHargh's findings, and it is unnecessary to review this matter further. Accordingly, the Court **ADOPTS** the R&R and thereby **DISMISSES** Downard's Petition.

**IT IS SO ORDERED.**

                                                     **s/Kathleen M. O'Malley**
                                                     **KATHLEEN McDONALD O'MALLEY**
                                                     **UNITED STATES DISTRICT JUDGE***

**Dated: January 11, 2011**

\* *United States Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation*.